IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT CLARENCE ADAMS,**

                      **Petitioner,**

      **v.**                                 **CASE NO. 07-3081-SAC**

**DUKE TERRELL, et al.,**

                      **Respondents.**

<u>**O R D E R**</u>

    Petitioner, a federal prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas, proceeds pro se on a form complaint[1] for seeking relief under 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Petitioner also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

    Petitioner essentially challenges the sufficiency of the evidence supporting his disciplinary conviction for assault.  He seeks expungement of the disciplinary action and restoration of all good time forfeited in the disciplinary sanction.  Having reviewed these allegations, the court liberally construes this action as seeking habeas corpus relief under 28 U.S.C. § 2241, grants petitioner leave to proceed in forma pauperis for the purpose of

---

    [1]Plaintiff filed a motion to amend the complaint (Doc. 3) which the court has liberally construed as a supplemental pleading rather than as an amendment to the complaint.

seeking such relief,[2] and finds a response to the petition is required.

To the extent petitioner seeks damages for each day of restrictions and disciplinary confinement, petitioner is advised that while such a claim might be appropriate in a Bivens action, it would be barred until petitioner can show the disciplinary action had been overturned, expunged, or otherwise invalidated. *See* Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)(absent prior invalidation of a prisoner's conviction or internal prison discipline, a civil rights action for damages or equitable relief is barred if success in that action would necessarily demonstrate the invalidity of confinement or its duration). Petitioner is further advised that an inmate's classification does not generally implicate a protected liberty interest, *see* Meachum v. Fano, 427 U.S. 215, 225 (1976), and a claim for damages from any of the defendants named in their official capacity would be subject to being summarily dismissed as stating no claim for relief, *see* Farmer v. Perrill, 275 F.3d 958, 963 (10th Cir. 2001).

IT IS THEREFORE ORDERED that this pro se action is liberally construed by the court as a habeas corpus petition filed under 28 U.S.C. § 2241.

IT IS FURTHER ORDERED that petitioner is granted leave to proceed in forma pauperis in this habeas action.

---

[2] Petitioner also cites error in his present classification and in not being transferred to a less secure facility, but the relief sought in petitioner's pleading does not directly address this alleged error.

IT IS FURTHER ORDERED that respondents are to show cause within twenty (20) days from the date of this order why the writ should not be granted; that petitioner is granted ten (10) days after receipt by him of a copy of respondents' answer and return to file a traverse thereto, admitting or denying under oath all factual allegations therein contained; and that the file is to then be returned to the undersigned judge for such further action as may be appropriate.

IT IS FURTHER ORDERED that petitioner shall serve upon the United States Attorney for the District of Kansas a copy of every further pleading or other document submitted for consideration by this court, and that petitioner's pleadings must contain a certificate of service indicating the date a true and exact copy was mailed to the United States Attorney.  Any paper received by the court which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

**IT IS SO ORDERED.**

DATED:  This 7th day of June 2007 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge