IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROBERT CLARENCE ADAMS,

                         Petitioner,

           v.                                    CASE NO. 07-3081-RDR

DUKE TERRELL, et al.,

                         Respondents.



<u>MEMORANDUM AND ORDER</u>

Petitioner proceeds pro se and in forma pauperis on a pleading construed by the court as seeking habeas corpus relief under 28 U.S.C. § 2241.  Having reviewed the record, the court denies the petition.

BACKGROUND AND CLAIMS

Petitioner initiated this action while incarcerated at the United States Penitentiary in Leavenworth, Kansas (USPLVN), to challenge the sufficiency of the evidence supporting disciplinary action against him.

In August 2006, USPLVN officials served petitioner with an incident report charging him with Conduct Which Disrupts, Most Like Assault on Staff.  This incident was based on a report that petitioner had grabbed a staff counselor's hands as petitioner walked behind the counselor, and then became argumentative and disrespectful when the counselor instructed petitioner to not place hands on a staff member.  The incident report was investigated, and the Unit Discipline Committee referred the charge to a Disciplinary

Hearing Officer (DHO) for further hearing.

At the DHO hearing, petitioner admitted putting his hands on the staff counselor, but claimed it accidental and without malice as petitioner was only attempting to walk by the counselor without bumping into him. The DHO determined that petitioner had committed the prohibited act of Assault Without Serious Injury based on the written testimony of the reporting staff member, supporting documentation, and petitioner's own testimony. The disciplinary sanction imposed include disallowance of fourteen days of earned good conduct time.[1] The DHO's findings and sentence were upheld in petitioner's administrative appeal.

In the instant action, petitioner contends insufficient evidence supports the disciplinary action, and seeks expungement of the disciplinary adjudication and the return of all forfeited good time. In response to respondents' recitation in their answer of the due process standards applicable to prison disciplinary proceedings, petitioner alleges in his traverse additional due process violations.

STANDARD OF REVIEW

Where the disciplinary sanction impacts the duration of an inmate's sentence, a protected liberty interest in the inmate's release from confinement is affected, and minimal procedural guarantees are recognized. Under Wolff v. McDonnell, 418 U.S. 539 (1974), an inmate facing administrative disciplinary charges is

---

[1]The sanction also included fifteen days of disciplinary segregation and the loss of telephone and commissary privileges for 45 days, all suspended for 180 days of clear conduct.

entitled, at a minimum, (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense where this will not jeopardize institutional safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action.  Id. at 563-69.

Next, to withstand judicial review, the finding of a prison disciplinary body must be supported by some evidence in the record. Superintendent, MCI, Walpole v. Hill, 472 U.S. 445, 454-55 (1985). In announcing this standard, the Supreme Court stated that when reviewing the findings of a prison disciplinary board, a court need not examine the complete record, assess the credibility of the witnesses, nor weigh the evidence.  Id.  Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  Id. at 455-56. "The decision can be upheld even if the evidence supporting the decision is 'meager.'"  Mitchell v. Maynard, 80 F.3d 1443, 1445 (10th Cir. 1996)(*quoting* Hill, 472 U.S. at 457).

### DISCUSSION

Habeas corpus relief under 28 U.S.C. § 2241 is available only if a petitioner demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

In the present case, no relief under § 2241 can be granted if "some evidence" supports the challenged disciplinary adjudication. *See* Hill, 472 U.S. at 457.  Notwithstanding petitioner's insistence that he did nothing wrong and that he had no knowing intent to

3

violate any rule, the DHO's decision is supported by the incident report, by the statement of an eyewitness staff member, and by petitioner's own statements at the disciplinary hearing. This is clearly sufficient to satisfy the constitutional standard. *See* id. at 456 ("some evidence" standard satisfied by prison guard's statement regarding the charged incident and copies of the written incident report).

To the extent petitioner asks the court to independently assess the credibility of the parties involved and to re-weigh evidence, such review would be inappropriate. *See* id. at 455-56. "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact." Id. at 456. Here, the DHO's decision to revoke fourteen days of petitioner's good time credits clearly has evidentiary support in the record. Accordingly, petitioner's due process claim based on the alleged insufficiency of the evidence in his disciplinary proceeding fails.

Likewise, petitioner's additional allegations of being denied procedural guarantees in the challenged prison disciplinary action warrant no habeas corpus relief. Having reviewed the record, the court is easily satisfied that petitioner was afforded the minimal procedural requirements established in Wolff, and finds no claim of constitutional significance warranting habeas corpus relief.

CONCLUSION

Finding petitioner has demonstrated no violation of his rights under the Constitution or federal law, the court concludes petitioner is entitled to no relief under 28 U.S.C. § 2241.

4

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed and all relief is denied.

DATED:  This 4th day of November 2009 at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge